UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| LYDIA CRUZ MARRERO, <br> Plaintiff, <br><br> v. <br><br> LOUIS DEJOY, <br> Postmaster General of the United States, <br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION <br> NO. 20-1723-TSH |

**MEMORANDUM OF DECISION AND ORDER FOR JUDGEMENT**
March 29, 2023

**HILLMAN, S.D.J.**

**Background**

Lydia Cruz Marrero ("Marrero" or "Plaintiff") has filed a First Amended Complaint (Docket No. 23)[1] against Louis DeJoy, Postmaster General of the United States ("Defendant") alleging federal claims for discrimination based on age, in violation of Age Discrimination and Employment Act ("ADEA") of 1967, 29 U.S.C. §633a, *et seq.*, and retaliation in violation of the ADEA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII")[2].

---

[1] While Plaintiff titles the operative pleading as her "First Amended Complaint", the pleading is actually her second amended complaint. For ease of reference, the Court will simply refer the operative pleading as the "amended complaint."

[2] Although not formally asserting a Title VII claim for sexual discrimination, Plaintiff's amended complaint is replete with allegations that Postal Service employees took actions against her on account of her sex

Ms. Marrero has also asserted a state law claim under Puerto Rico Act No. 100 of June, 1959, as amended, P.R. Laws Ann., 29 §§146 *et seq.* ("P.R. Act No. 100").

This Memorandum of Decision and Order addresses Defendant's Motion To Dismiss (Docket No. 33). For the reasons set forth below, the Defendant's motion to dismiss is *granted*.

## **Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Rhodes v. Ocwen Loan Servicing, LLC*, 44 F.Supp.3d 137, 139 (D.Mass. 2014) (quoting *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007)). A claim is facially plausible if "the factual content … allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "This deferential review, however, does not require that [the court] accept the complaint wholesale; 'bald assertions' and 'unsupportable conclusions' are properly disregarded. *Butler v. Deutsche Bank Tr. Co. Americas*, 748 F.3d 28, 32 (1st Cir. 2014).

---

and therefore, the Defendant assumed that she is alleging that she was the victim of sex discrimination. In her opposition, Plaintiff has clarified that she is not asserting that she was a victim of sex discrimination for purposes of Title VII or otherwise. She is, however, asserting a claim of retaliation under Title VII, that is, that she was retaliated against because of her sex.

**Facts**[3]

Marrero began working for the United States Postal Service ("Postal Service") in 1993 and was assigned to the San Juan Metro area in Puerto Rico. During the relevant period, she was a customer service supervisor whose duties included supervision of a group of employees in collection, distribution of mail and window service.

During the relevant period, Andrés Morales ("Morales") was the manager of the customer services operations, and José Marengo ("Marengo") was the Postmaster of San Juan and is younger than Marrero. Marengo and Morales, who are both male, had offices next to each other at the General Post Office in Hato Rey ("GPO"). From 1993 through 2017, Marrero never had any complaints levied against her and was not the subject of any disciplinary proceedings or actions. In 2017, a male supervisor who was filling in for Morales gave her a warning which she asserts was not justified.

From October 2018 and continuing through February 2019, Marengo and Morales harassed Marrero by: (1) micromanaging everything she did and calling her frequently; (2) constantly monitoring how she performed her duties; and (3) blaming her for omissions or conduct attributable to others. For example, Marrero was assigned to the afternoon shift, from 1:30 p.m. until 10 p.m. and many of the Marengo's complaints to her were about incidents that occurred on the prior shift when she was not on duty—that shift was covered by younger male supervisors. Marrero alleges that Marengo and Morales harassed her because of her age (she was

---

[3] The Court has taken the facts from Marrero's amended complaint, including only those well pleaded facts that support her causes of action. The amended complaint is replete with legal conclusions and irrelevant factual averments which the Court has not adopted.

3

54 years old at the time of the alleged harassment) as they did not subject younger, male supervisors to such micromanagement[4].

On October 26, 2018, Morales issued a letter of warning to Marrero. Marrero asserts that the letter was based on incorrect information and mistakes of others and in response, she wrote "I strongly disagree with this letter." On May 3, 2019, Marengo and Morales issued Marrero a Notice of Proposed letter of Warning In Lieu of Seven (7) Day Time-Off Suspension for Failure to Perform Your Duties in a Satisfactory Manner. Marrero suggests that the incident at issue concerned mail correspondence that was left by the supervisor(s) of the earlier shift which she was not informed about. No letter of warning was issued to those who Marrero contends were the responsible parties—two younger, male supervisors.

On August 6, 2019, Marrero returned from her annual leave. Half-way through her shift, she was provided with a Notice of Proposed Letter Warning in Lieu of Fourteen 14-Day Time-Off Suspension for Failure to Follow Instructions ("August 6th Letter"). Upon receipt of the letter, Marrero began to experience chest pain and was taken from the GPO by ambulance to a hospital.

Marrero asserts that she was issued the August 6th Letter as part of the harassment against her due to her age and sex. Because of the alleged harassment, Marrero became anxious and fearful about what would happen at work-- she began to lose sleep and became depressed. Marrero began to suffer panic attacks and asserts she was on a number of prescription medications, four of which are anti-depressant/anti-anxiety medications, one is for insomnia, and

---

[4] Throughout her pleading, Marrero refers to the other supervisors as "much younger" than her. However, she does not specify their ages and therefore, it is not clear whether they are also within the discriminatory age bracket, *i.e.*, over the age of 40.

one is an anti-seizure medication. Marrero does not indicate when she was first prescribed these drugs. On August 13, 2019, Marrero was hospitalized for mental health treatment. She was released on August 21, 2019, and then went back into the hospital from August 29-September 5, 2019. On November 19, 2019, after completion of the informal complaint process described in detail below, Marengo upheld the discipline proposed in the August 6th Letter. Marrero continues to receive mental health treatment.

Marrero's Actions Regarding Her Claims

On September 13, 2019, Marrero contacted an Equal Employment Opportunity ("EEO") counselor complaining of three incidents of discrimination: (1) she was harassed in February of 2019, (2) she was suspended in May, 2019, and (3) she was handed a letter of warning on August 6, 2019.  On September 24, 2019, the EEO counselor offered Marrero mediation, which she declined. On November 13, 2019, the EEO counselor sent Marrero a Notice of Right to File ("NORF") a formal EEO complaint, which she received on November 15, 2019 (at her attorney's office). The NORF explained to Marrero that she had two options; do nothing, at which point no further action would be taken on her counseling request, or file a formal EEO complaint with the Postal Service within 15 days. Accordingly, her formal EEO complaint was due on December 2, 2019. The NORF included the forms for filing the formal complaint and provided the agency address where the formal complaint should be filed. The NORF also indicated that her discrimination claims for harassment in February 2019 and the suspension in May 2019 may be dismissed as untimely (because she had not contacted an EEO counselor within 45 days of the alleged discriminatory incidents).

The NORF also informed Marrero that if she chose to forgo the administrative process and directly file an action in the federal court, she must first file a notice of intent to sue ("Notice of Intent to Sue") with the Equal Employment Opportunity Commission ("EEOC"). Marrero was informed of the address to which the Notice of Intent to Sue must be sent, and that it must be filed within 180 days from the date of the alleged discriminatory action, and thirty days before filing suit in federal court. Additionally, Marrero was informed that the Notice of Intent to Sue should be dated and contain the following information: (1) a statement of her intent to file a civil action under the ADEA; (2) her name address and telephone number; (3) the name, address and telephone number of her designated representative, if any; (4) the name and location of the postal facility where the alleged discriminatory action occurred; (5) the date of the alleged criminal conduct; (6) a statement of the alleged discriminatory actions; and (7) her signature or that of her representative.

Marrero did not file a formal EEO complaint with the Postal Service. On February 7, 2020, Marrero sent a "Notice of Intent To Sue for Discrimination on The Basis of Age and Sex" to the EEOC. The *only* information contained Marrero's Notice of Intent to Sue, which she personally signed, was her name and that she would be filing an age and sex discrimination suit against the Postal Service in federal court. Marrero asserts that the EEOC did not respond to her letters or communications due to the ongoing COVID-19 pandemic and never issued her a right to sue letter (the World Health Organization did not declare a pandemic until March 11, 2020). On February 26, 2020, a Postal Service employee (an EEO manager) notified Marrero in writing that the time for filing a formal EEO complaint with the agency had passed and that she had elected not to pursue her complaints through the formal administrative process.

On May 26, 2020, Marrero sent the Postal Service notice of her intent to sue the agency under the Federal Tort Claims Act ("FTCA") in federal court for age discrimination in violation of the ADEA as a result of injuries she sustained as the result of her employment. The notice did not mention a cause of action under Puerto Rico's anti-discrimination law. On December 16, 2020, the Postal Service denied her right to sue under the FTCA as she is a federal employee and her claims relating to her employment are not actionable under the FTCA, and because such claims must be brought in accordance with the exclusive statutory remedies established by Congress.

## Discussion

A federal employee who claims to have been the victim of age discrimination has two procedural alternatives through which to pursue relief. To utilize the administrative process, the employee must contact an EEO counselor at the agency where the employee works within forty-five days of the alleged violation. *See* 29 C.F.R. § 1614.105(a). If the matter is not resolved through counseling, the employee may file an administrative complaint with the agency. *See* 29 C.F.R. § 1614.106(a). If the agency issues a final decision adverse to the employee, the employee may either appeal that decision to the EEOC or file a civil action in federal court. *See* 29 C.F.R. §§ 1614.110, 1614.401, 1614.407. In the alternative, a federal employee can bypass the administrative process and go directly to federal court. *See* 29 U.S.C. §§621-634. More specifically, a federal employee who has not filed an ADEA complaint with the EEOC, may commence an action in federal court so long as s/he gives the EEOC not less than 30 days' notice of the intent to file such action; the notice must be filed within 180 days after the alleged unlawful conduct occurred. *Id.*, at §633a. Put another way, "[a] federal employee who wishes to avail himself of this bypass option must notify the EEOC of his intent to sue within 180 days

following the occurrence of the allegedly unlawful practice and then observe a thirty-day waiting period before filing suit. This action must be filed within two years from the date of the alleged discriminatory practice." *Reynoso v. DeJoy,* Civil No. 21-1566 (FAB), 2023 WL 2232107, -- F.Supp.3d---, *6 *(*D.P.R. Feb. 27, 2023).[5]

The Defendant contends that Marrero's age discrimination claims are barred as to two of the alleged incidents of discriminatory conduct (the February 2019 and May 2019 incidents) because she utilized the administrative process and failed to initiate contact with an EEO counselor within 45 days of the alleged discriminatory acts as required by 29 C.F.R. § 1614.105(a). Further, that all of her ADEA claims are barred because she did not file a formal EEO complaint with the agency within 15 days after receiving notice from the EEO counselor of her right to do so, that is, after receiving the NORF. *See* 29 C.F.R. § 1614.106. To the extent that the Court finds that Marrero utilized the bypass option, the Defendant asserts that all of her claims are barred because her Notice of Intent to Sue was fatally deficient and, in any event, all of her claims would be barred as they did not occur within 180 days of her filing her Notice of Intent to Sue (with the possible exception of her ADEA retaliation claim). The Defendant also argues that Marrero's retaliation claim must be dismissed because it is derivative of her barred age and Title VII discrimination claims. Finally, the Defendant contends that Marrero's state law claim discrimination claim should be dismissed because it is preempted by federal law.

It is unclear from Marrero's arguments whether she is asserting that her claims are exhausted as she resolved such claims at the administrative level by timely pursuing her

---

[5] The Court notes that the bypass option is not available to plaintiffs asserting Title VII claims, that is, Title VII claims *must* be exhausted through the administrative process.

administrative remedies prior to filing suit in federal court, or that they are exhausted because she opted to proceed directly to federal court (i.e., utilized the so-called "bypass" option). For this reason, the Court will address whether she her claims are exhausted under either scenario. [6]

As to whether Marrero exhausted her claims by pursuing her administrative remedies, despite being forewarned by the Defendant's motion to dismiss her prior complaint, Marrero does not allege in the amended complaint that she initiated contact with an EEO counselor within 45 days of the alleged incidents which form the basis of her claims. Instead, she argues that if the Court finds she failed to contact an EEO counselor in a timely manner, equitable tolling applies as she was mentally incapacitated during the relevant period and/or she did not receive actual or constructive notice of the relevant filing requirement. In the alternative, Marrero infers first, that she utilized the bypass option by filing her complaint in this Court only after having filed the requisite 30-day Notice of Intent to Sue with the EEOC, and second, that all of the alleged

---

[6] Plaintiff has created a good deal of confusion as to whether she chose to pursue her administrative remedies or utilize the bypass option by making conflicting legal arguments and factual assertions in both the amended complaint and her opposition, and by failing to properly distinguish between the agency (the Postal Service) and the EEOC, that is, she makes factual assertions supported by legal argument which suggest she chose to utilize the administrative process, while at other times suggesting she utilized the bypass option. For example, she asserts that on September 24, 2019, she filed a charge of discrimination with the "EEOC" asserting she was subject to age and/or sex discrimination in her employment in violation of the ADEA and Title VII. Given the time frame, the Court assumes she is referring to the informal agency complaint initiated with the Postal Service's EEO counselor. She also makes repeated references to filing a complaint with the "EEOC."  However, pursuant to the applicable regulations, the formal EEO complaint was to be filed with the Postal Service. The record establishes that Marrero never filed a formal EEO complaint with that agency. On February 7, 2020, Marrero filed a Notice of Intent to Sue with the EEOC—this is the only filing on record made with the EEOC. She contends that the *Postal Service's* February 26, 2020 response, in which it stated that she had not filed a formal EEO complaint and therefore, has elected not to pursue her claims through the administrative process, establishes that the Postal Service acknowledged her right to forgo the filing of a formal EEO complaint with the agency and instead, pursue her claims in federal court. Again, Marrero is convoluting whether she pursued her administrative remedies or utilized the bypass option. The Court has done its best to sort through Marrero's filings and consider the asserted facts and legal analysis in the context of the alternative theories argued by her.

.

9

discriminatory incidents occurred within 180 days of her filing her Notice of Intent to Sue. To the extent that Marrero's claims do not fall within the 180-day period, she asserts she was granted an extension and/or equitable tolling applies. As to the retaliation claim, she argues that it is independent claim that would survive dismissal of her ADEA claims. Finally, she asserts that if the Court dismisses all of her federal claims, her claim under P.R. Act No. 100 should be dismissed without prejudice.

### Consideration of Matters Outside the Pleadings

Initially, I will address Marrero's argument that the Court cannot consider the documents relied on by the Defendant to support the assertion that her amended complaint must be dismissed for failure to exhaust administrative remedies unless the motion is converted into one for summary judgment. When a Federal employee asserts a claim under the ADEA or Title VII but failed to timely file her complaint with the appropriate reviewing agency, this Court *essentially* lacks jurisdiction over the action. *Misra v. Smithsonian Astrophysical Observatory*, 248 F.3d 37 (1st Cir. 2001). Where a party files a motion to dismiss for lack of jurisdiction, which in effect the Defendant has done, the court may consider matters outside the pleadings. *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002).[7] Only if the jurisdictional issues cannot be separated from factual issues that go to the merits of the case does inclusion of such materials require that the motion be converted to one for summary judgment. *Id.*, at 287. In this case, the Defendant seeks to dismiss Plaintiff's claims for failure to exhaust administrative remedies as a result her not having filed her formal and/or informal EEO complaints in a timely

---

[7] The Court also notes that it is black letter law that it may consider matters outside the pleadings which are incorporated by reference in the complaint. In her amended complaint, Marrero refers to having timely filed a complaint with the EEOC and for that reason, the Court may consider evidence relating to the alleged filing.

manner. A determination of whether Plaintiff exhausted her administrative remedies does not require this Court to address the merits of her claims, that is, whether she was discriminate against because of her age or retaliated against for filing EEO claims. Therefore, it is not necessary to treat the Defendant's motion as one for summary judgment.

<u>Whether Plaintiff Exhausted her Administrative Remedies</u>

"A federal employee's failure to timely pursue his administrative remedies may cause him to lose his right to seek *de novo* review in federal court. However, while the exhaustion of administrative remedies requirement is a pre-requisite to filing suit in federal court, it is not jurisdictional and, therefore, is subject to the equitable defenses of waiver, estoppel and tolling." *Dzanku v. Brennan,* 270 F. Supp. 3d 376, 379 (D. Mass. 2017). As to the filing of the informal complaint, a plaintiff can also establish that claims otherwise outside of the 45-day filing window are timely where she can establish that the continuing violation theory applies, *i.e.*, the alleged discriminatory conduct was part of a continuing pattern. In this case, Marrero argues that her filing time should be tolled with respect to her contacting an EEO counselor (the informal complaint) as well as with respect to the issue of whether the alleged discriminatory conduct took place within 180 days of her filing her Notice of Intent to Sue (the bypass option). More specifically, she asserts that the filing times should be extended because extraordinary circumstances (mental health issues) prevented her from timely pursuing her claims. She also makes a conclusory equitable estoppel argument that the Defendant should be estopped from raising the failure to exhaust defense because it did not provide her with adequate notice of EEO procedures. Marrero does not argue that there are any facts which would support a finding that

her filing was timely as to all alleged discriminatory incidents under the continuing violation theory.

## Whether Marrero Exhausted her Administrative Remedies

Assuming that Marrero chose to pursue her administrative remedies, the Defendant asserts that because Marrero failed to contact an EEO officer within 45 days of the harassment which she allegedly suffered in February 2019 and her suspension in May 2019, as required by 29 C.F.R. §1614.105(a)(1)[8], she has failed to exhaust her administrative remedies with respect to these incidents and therefore, her ADEA claims based on these incidents must be dismissed. Marrero acknowledges that she was required to contact an EEO counselor within 45 days of the discriminatory act and then claims that she did so. While that is the case with respect to the August 6th Letter, the record establishes that she did not contact an EEO counselor within 45 days of the incidents at issue. Accordingly, she has not exhausted her administrative remedies with respect to the February 2019 and May 2019 incidents and therefore, her ADEA claims based on those incidents are dismissed unless she can establish that an exception to the exhaustion requirement applies.[9]

---

[8] The regulation provides that any "[a]ggrieved persons who believe that they have been discriminated against" must "initiate contact" with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory". 29 C.F.R. §1614.105(a)(1), (2). Such action must be taken "prior to filing a complaint in order to try to informally resolve the matter". *Id.*

[9] In her opposition, Marerro asserts multiple times that she was granted a 60-day extension and therefore, her informal complaints to the EEO counselor were timely; she further contends that her time for filing a formal complaint with the Postal Service was also thereby extended. However, as argued by the Postal Service, it was the *counseling process* itself that was extended for 60 days. Marrero fails to explain how extension of the counseling process would extend the time by which she was required to file an informal complaint of discrimination with the EEO counselor (which starts the counseling process), or how it would extend the time for filing a formal EEO complaint after receiving the NORF.

The Defendant further asserts that even if the Court were to assume that she filed a timely informal complaint with respect to all of the discriminatory incidents alleged in her amended complaint, her case must be dismissed for failure to exhaust because she never filed a formal EEO complaint with the agency. Little discussion is warranted with respect to the question of whether Marrero filed a formal EEO complaint with the Postal Service as Marrero concedes that she did not do so. Marrero makes a misplaced argument that the Court should apply equitable tolling because she was mentally incapacitated, but even if the Court were to do so and consider all matters raised in her informal complaint, the fact remains that she never filed a formal complaint/appeal with the EEOC *at any time*. Moreover, she was represented by counsel and the NORF, which clearly stated her obligation to file the same within 15 days, was timely sent to him.

The record before the Court conclusively establishes that Marrero never filed a formal EEO complaint with the Postal Service, and therefore, did not exhaust her administrative remedies before filing in this Court. Accordingly, Plaintiff's complaint must be dismissed unless the record supports her alternative theory, that she filed directly in federal court rather than choosing to pursue her administrative remedies, or her contention that the Postal Service failed to provide her proper notice and/or failed to post the required EEO information at the workplace.

<u>Whether Marrero Utilized The Bypass Option</u>

In her opposition to the motion to dismiss, Marrero asserts she filed a timely Notice to Sue. She does not provide any further argument or legal analysis with respect to this issue. In reply, the Postal Service points out that the alleged "Notice to Sue" is ineffective as: (1) the content of said notice does not comply with EEOC Management Directive 110, Empl. Prac.

Guide p 5490[10]. Marrero's failure to provide the requested information prevented the EEOC from complying with this obligation to inform all persons named therein of the discriminatory allegations.[11] The Court finds that Marrero's Notice of Intent to Sue is fatally deficient because it failed to include the requisite information required by EEOC Management directive 110. *See Figueroa v. U.S. Postal Serv.*, 422 F. Supp. 2d 866, 882 (N.D. Ohio 2006), *aff'd,* 220 F. App'x 407 (6th Cir. 2007)(plaintiff's alleged notice of intent was deficient because it did not comply with EEOC Management Directive 110, Chapter IV, Section IV, paragraph (b). Specifically, plaintiff failed to include the name of the federal agency that allegedly discriminated against her; the date on which the alleged discrimination occurred; and a statement of the nature of the discrimination); *cf. Watson v. Tennessee Valley Auth.*, 867 F. Supp. 2d 1215, 1222–23 (N.D. Ala. 2012)(court also finds relevant the fact that a notice of intent to sue *must* contain the information required by MD–110, Chap. 4, § IV(D)(b)). Accordingly, the Court finds that Marrero failed to exhaust her administrative remedies with respect to all of her claims.[12]

---

[10] Marrero did state her, name, address and intent to sue the Postal Service for age and sex discrimination but the notice was not dated and did not include her address and telephone number, the location of the agency she intended to sue (the Postal Service), the date on which the alleged discriminatory act(s) occurred, and a statement of the nature of the alleged discriminatory action(s). If Marrero was being represented by counsel, she was also required to provide the name, address and telephone number of her representative (none was provided). Marrero was informed of information which must be included the Notice of Intent to sue in the NORF which was delivered to her then attorney of record.

[11] Plaintiff suggests that the EEOC's failure to take any action in response to her Notice of Intent to sue was due to the COVID-19 pandemic rather the inadequacies of her notice. However, COVID-19 was not designated as a pandemic until more than a month later.

[12] Even assuming that Marrero's Notice of Intent to sue met the requisite requirements, substantially all of her claims would be barred as applicable law requires that she file her Notice of Intent to Sue within 180 days of the alleged discriminatory conduct. 29 U.S.C. § 633a(d). Marrero filed her Notice of Intent to Sue on February 6, 2020 and therefore, the alleged discriminatory conduct must have occurred on or after August 10, 2019. The only discriminatory conduct alleged by Marrero which took place after that date was the November 19, 2019 retaliation claim. Marrero again suggests that the 180-day period be equitably tolled. However, Marrero who was at all relevant times represented by counsel, has failed to establish the existence of the extraordinary and carefully circumscribed circumstances which would warrant equitable tolling with respect to her mental health issues. The Court will discuss

<u>Posting Of EEO Information at Marrero's Workplace</u>

Marrero has never alleged in her multiple complaints (three in total), including the instant complaint, that she was not informed of her right of the EEO filing requirements, or that the Postal Service failed to post information regarding employees' EEO rights in the workplace (this despite being on notice since at least the Postal Service's first motion to dismiss that exhaustion was going to be an issue). Nonetheless, she asserts that to the extent that the Defendant asserts that her claims are untimely, the Court should apply equitable tolling because of her lack of actual or constructive knowledge of the filing requirements. In support of her argument she contends, in an unsworn memorandum that the Postal Service failed to notify her of her rights (and therefore, she did not have actual knowledge of her rights) and failed to post the required EEO informational notices in her workplace (and therefore, she did not have constructive notice of the same). The Defendant, also in an unsworn memorandum, notes that Marrero was a supervisor who had been working at the Postal Service since 1993 (thereby calling into doubt her assertions that she was unaware of the filing requirements), and further notes that the Postal Service has duly displayed EEO informational notices in all of its facilities. The Defendant also points out that she was represented by counsel and therefore, at least with respect to the information contained in the NORF, she had constructive knowledge of the filing requirements.

On this record, the Court finds that it is not plausible that Marrero was not aware of filing requirements for pursing her EEO claims against the Postal Service. Marrero was not only a long-time employee of the Postal Service, she was also a supervisor. Moreover, she was

---

whether equitable tolling is warranted based on the Postal Service's failure to provide her with actual or constructive notice of EEP procedures, *infra.*

represented by counsel during the relevant time periods. Accordingly, the Court finds that equitable tolling cannot save any of her claims that are subject to dismissal for failure to exhaust.

### The Retaliation Claims

While Marrero concedes that she is not asserting claims for violation of Title VII, she asserts that she is asserting both a Title VII and ADEA claim for retaliation as the result of Marengo upholding the discipline against her proposed in the August 6th Letter. Little need be said regarding the Title VII retaliation claim as the bypass option does not apply to Title VII claims and therefore, her Title VII claims had to be exhausted through the administrative process. It is clear that Marrero did not exhaust her administrative remedies with respect to any Title VII claims and therefore, her Title VII retaliation claim cannot stand. Moreover, because the Court has found that Marrero's notice of intent to sue was deficient, she failed to exhaust all of her ADEA claims, and therefore, her ADEA retaliation claim fails. *See Franceschi v. U.S. Dep't of Veterans Affs.*, 514 F.3d 81, 87 (1st Cir. 2008)(where administrative remedies have not been exhausted with respect to any of the other Title VII claims in the civil action, there is nothing properly before the court to which the retaliation claim may be bootstrapped and therefore, the court will not consider the merits of the retaliation claim).

### Marrero's Puerto Rico Law Claim

Generally, having dismissed a plaintiff's federal claims at the early stages of the proceeding, the Court would decline to exercise jurisdiction over the plaintiff's state law claims and such claims would be dismissed without prejudice. However, in this case, Marrero's discrimination claims under P.R. Act No. 100 are preempted by federal law and therefore, the Court will exercise jurisdiction over this claim and dismiss it *with prejudice*.

**Conclusion**

Defendant's Motion To Dismiss (Docket No. 33) is *granted*, with prejudice.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
SENIOR U.S. DISTRICT JUDGE